[Cite as *State v. Leveck*, 2021-Ohio-1547.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
FULTON COUNTY

State of Ohio                                          Court of Appeals No. F-20-009

    Appellee                                       Trial Court No. 20CR22

v.

John D. Leveck                                     **DECISION AND JUDGMENT**

    Appellant                                     Decided:  April 30, 2021

* * * * *

Scott A. Haselman, Fulton County Prosecuting Attorney, for appellee.

Autumn D. Adams, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Appellant, John D. Leveck, appeals the September 11, 2020 judgment of the
Fulton County Court of Common Pleas sentencing him to an aggregate prison term of
41 months and ordering him to pay restitution, costs of prosecution, and appointed-
counsel fees, following his conviction for complicity to commit aggravated possession of
drugs and attempted felonious assault.  For the following reasons, we affirm the trial
court's judgment.

## I. Background

{¶ 2} On February 10, 2020, Leveck was indicted on one count of complicity to commit aggravated possession of drugs in violation of R.C. 2923.03(A)(2) and 2925.11(A), a fifth-degree felony; one count of aggravated possession of drugs in violation of R.C. 2925.11(A), a first-degree felony; one count of involuntary manslaughter in violation of R.C. 2903.04(A), a first-degree felony; one count of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2), a first-degree felony; one count of reckless homicide in violation of R.C. 2903.041(A), a third-degree felony; and one count of felonious assault in violation of R.C. 2903.11(A)(1). At his March 18, 2020 arraignment, Leveck was determined to be indigent and was assigned counsel. He entered a not-guilty plea to all counts.

{¶ 3} The charges arose from Leveck's conduct on January 17, 2020. On that date, Leveck and his codefendants, Jeremiah Gonzalez and Amber Barnett, participated in the sale of heroin to victims K.M. and B.F. in Michigan. After completing the sale, Gonzalez drove Leveck and the victims back to Ohio in a vehicle owned by Barnett. While driving, victim B.F. fell asleep and began snoring. Leveck and Gonzalez believed he was overdosing on heroin. Gonzalez pulled the vehicle over at the intersection of County Road D and County Road 15 near Wauseon, Ohio. He and Leveck removed B.F. and K.M—who was also asleep—from the vehicle. They placed the victims on the side of the roadway and left. The victims were discovered by the Fulton County Sherriff's

2.

Department while responding to a call reporting their location. The victims were transferred to the Fulton County Health Center for treatment for hypothermia. Although B.F. survived, K.M. died in the hospital.

{¶ 4} On July 7, 2020, Leveck appeared for a change of plea hearing. Following negotiations with the state, Leveck agreed to enter a guilty plea to an amended count of attempted felonious assault and one count of complicity to commit aggravated possession of drugs. Leveck also agreed to testify against his codefendants should their cases proceed to trial. In exchange, the state agreed to request dismissal of the remaining counts. The trial court accepted Leveck's guilty plea and ordered him to participate in a presentencing interview before his sentencing hearing on September 10, 2020.

{¶ 5} At the sentencing hearing, the trial court imposed a prison term of 11 months for Leveck's conviction for complicity to commit aggravated possession of drugs, and a prison term of 30 months for his conviction for attempted felonious assault. The trial court ordered Leveck to serve the prison terms consecutively, resulting in an aggregate prison term of 41 months. The trial court also ordered Leveck to pay $5,999.28 in restitution to K.M.'s mother for funeral expenses, as well as the costs of prosecution and appointed counsel fees. The trial court memorialized Leveck's sentence and, as agreed, dismissed the remaining counts in its September 11, 2020 judgment entry. Leveck timely appealed and asserts the following errors for our review:

1. The trial court committed error to the prejudice of appellant by imposing consecutive sentences.

3.

2.  The trial court committed error to the prejudice of appellant by imposing attorney's fees, all costs of prosecution, and restitution without consideration of appellant's present or future ability to pay.

## II.  Law and Analysis

### A.  The trial court made the necessary findings to impose consecutive sentences

{¶ 6} In his first assignment of error, Leveck argues that the trial court erred in ordering consecutive sentences.  Specifically, he argues that the trial court failed to make the necessary findings under R.C. 2929.14(C)(4) to impose consecutive sentences, and he also argues that the trial court improperly weighed the seriousness and recidivism factors in R.C. 2929.12 when it imposed consecutive sentences, resulting in an aggregate sentence that did not accomplish the purposes of felony sentencing in R.C. 2929.11.  We disagree.

{¶ 7} We review felony sentences under R.C. 2953.08(G)(2).  *State v. Goings*, 6th Dist. Lucas No. L-13-1103, 2014-Ohio-2322, ¶ 20.  The burden is on the appellant to identify clear and convincing evidence in the record that their sentence was erroneously imposed.  *State v. Torres*, 6th Dist. Ottawa No. OT-18-008, 2019-Ohio-434, ¶ 6.  We may increase, modify, or vacate and remand a trial court's imposition of consecutive sentences only if we clearly and convincingly find that:  (1) "the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14, * * *" or (2) "the sentence is otherwise contrary to law."  *Id.*, citing R.C. 2953.08(G)(2).

4.

**{¶ 8}** R.C. 2929.14(C)(4) requires the trial court to make three statutory findings before imposing consecutive sentences. *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 252; *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 26. The court must find that (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger that the offender poses to the public; and (3) R.C. 2929.14(C)(4)(a), (b), or (c) is applicable. *Beasley* at ¶ 252. "[T]he trial court must make the requisite findings *both* at the sentencing hearing and in the sentencing entry." (Emphasis in original.) *Id.* at ¶ 253, citing *Bonnell* at ¶ 37.

**{¶ 9}** Here, Leveck argues that "[t]he transcripts and sentencing entry are devoid of the necessary [R.C. 2929.14(C)(4)] findings."[1] Our review of the record shows that the trial court made the required findings at the sentencing hearing when the trial court stated:

> It is further ordered that [Leveck] will serve these terms consecutively as at least two of the multiple offenses were committed as a part of one or more course of conduct. And the harm caused by the two or more multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct, adequately

---

[1] Leveck does not argue that the record does not support the trial court's findings under R.C. 2953.08(G)(2)(a).

reflects the seriousness of his conduct. And the offender has a history of criminal conduct demonstrates a consecutive sentences are necessary to protect the public from future crime by this offender. Finally, one or more of the multiple offenses were committed while the offender was under a sanction imposed under the Revised Code of some form of post release control or probation.

Moreover, the trial court expressly incorporated those findings in the judgment entry. We therefore reject Leveck's argument to the contrary.

{¶ 10} Leveck also argues that the aggregate length of his consecutive sentences is disproportionate and therefore does not accomplish the purposes of felony sentencing under R.C. 2929.11. The Supreme Court of Ohio, however, has held that appellate courts cannot review the aggregate length of consecutive sentences under R.C. 2929.11 and 2929.12. *State v. Gwynn*, 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, ¶ 17. Rather, appellate review of consecutive sentences is limited to R.C. 2929.14(C)(4), as stated in R.C. 2953.08(G)(2)(a). *Id.* And, even if we were not limited to R.C. 2929.14(C)(4) for appellate review of consecutive sentences, R.C. 2953.08(G)(2) does not permit an "appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *State v. Jones*, Slip Opinion No. 2020-Ohio-6729, ¶ 42.

6.

**{¶ 11}** Leveck therefore fails to identify clear and convincing evidence that the trial court erred in imposing consecutive sentences.  Therefore, his first assignment of error is found not well-taken.

### B.  The trial court properly imposed financial sanctions

**{¶ 12}** In his second assignment of error, Leveck argues that the trial court erred in imposing the costs of prosecution, appointed counsel fees, and restitution without considering his ability to pay.  We disagree.

**{¶ 13}** Initially, we note that Leveck failed to object to the imposition of costs or restitution at the time of sentencing.  As a result, we review this assignment of error under a plain error standard of review.  *State v. Griffin*, 6th Dist. Lucas No. L-11-1283, 2013-Ohio-411, ¶ 43.  Plain error is error affecting substantial rights and is reserved for the exceptional case where reversal of the trial court's judgment is necessary to prevent a manifest miscarriage of justice.  *State v. Tucker*, 6th Dist. Sandusky No. S-11-003, 2012-Ohio-622.

**{¶ 14}** With regard to the costs of prosecution, R.C. 2947.23(A)(1)(a) provides that the trial court shall render against a convicted defendant a judgment for the costs of prosecution without consideration of whether the defendant has the ability to pay such costs.  *State v. Rhoda,* 6th Dist. Fulton No. F-06-007, 2006-Ohio-6291, ¶ 13.  Given that the trial court was required to impose the costs of prosecution—without any regard to Leveck's ability to pay—the trial court's imposition of these costs was not error.

7.

{¶ 15} The trial court also correctly ordered Leveck to pay appointed counsel fees and restitution. R.C. 2941.51(D) permits the trial court to impose the costs of appointed counsel. R.C. 2929.18(A)(1) authorizes the trial court to impose restitution as part of a sentence in order to compensate a victim for economic loss. Unlike the costs of prosecution, these costs are not mandatory and are premised on a finding of the defendant's present or future ability to pay. *See State v. Seals*, 6th Dist. Lucas No. L-17-1177, 2018-Ohio-2028, ¶ 14, citing *State v. Johnson*, 6th Dist. Lucas No. L-16-1165, 2017-Ohio-8206, ¶ 24 (costs of appointed counsel fees are conditioned on defendant's ability to pay); *State v. Cantrill*, 6th Dist. Lucas No. L-18-1047, 2020-Ohio-1235, ¶ 90 (restitution is conditioned on appellant's ability to pay).

{¶ 16} But, a trial court is not required to conduct a separate hearing or explicitly state that it considered a defendant's ability to pay. *State v. Flowers*, 6th Dist. Lucas No. L-14-1141, 2015-Ohio-908, ¶ 11, citing *State v. Phillips*, 6th Dist. Fulton No. F-05-032, 2006-Ohio-4135, ¶ 18. Instead, "we look to the totality of the record to determine whether the requirement has been satisfied." *Flowers* at ¶ 11. The record, as a whole, "must contain some evidence that the court considered the offender's present and future ability to pay such a sanction." *Phillips* at ¶ 18.

{¶ 17} Here, the trial court did not conduct a separate hearing or make an express finding regarding Leveck's ability to pay the costs of his appointed counsel or restitution. But, before sentencing, the trial court referred the matter for a presentencing investigation report ("PSI"). The trial court indicated that it considered the PSI in determining

8.

Leveck's sentence. We reviewed the PSI and it includes the financial, educational, and vocational information necessary for the trial court to determine that Leveck could pay the discretionary financial sanctions. *Cantrill* at ¶ 91 (finding the trial court's review of a PSI containing "financial, educational, and vocational information" before sentencing "demonstrates that the trial court considered [the appellant's] present and future ability to pay."). Thus, we find that the trial court did not abuse its discretion when it concluded that Leveck has the ability to pay attorneys' fees and restitution.

{¶ 18} Finally, Leveck argues that the trial court erred when it imposed financial sanctions because he was deemed indigent and therefore required appointed trial counsel for his defense. This, he argues, shows that he would be unable to pay the financial sanctions. It is well-established, however, that "the determination that a defendant is indigent for purposes of appointed counsel is separate and distinct from a determination that the person is indigent for purposes of paying a mandatory fine or financial sanction." *State v. Bey*, 2019-Ohio-423, 130 N.E.3d 1031, ¶ 46, citing *State v. Adams*, 12th Dist. Clermont No. CA2017-03-018, 2017-Ohio-8536, ¶ 28; *State v. Andrews*, 1st Dist. Hamilton No. C-1107035, 2012-Ohio-4664, ¶ 29 ("an offender's ability to pay a fine over a period of time is not equivalent to the ability to pay legal counsel a retainer fee at the outset of the criminal proceedings"). Thus, the trial court's initial determination of indigency does not, on its own, serve as a basis on which to reverse the trial court's imposition of financial sanctions at the close of those proceedings.

9.

{¶ 19} For these reasons, we find the trial court did not commit plain error in ordering Leveck to pay the costs of prosecution, appointed counsel fees, and restitution. His second assignment of error is found not well-taken.

### III. Conclusion

{¶ 20} We find both of Leveck's assignments of error not well-taken. We affirm the September 11, 2020 judgment of the Fulton County Court of Common Pleas. Leveck is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                                                    _____
                                                 JUDGE

Christine E. Mayle, J.       

Myron C. Duhart, J.                                                  _____
CONCUR.                                                    JUDGE

_____
                                                 JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.