**[Cite as *State v. Ivey*, 2021-Ohio-2138.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                        Court of Appeals No. L-19-1243

      Appellee                                   Trial Court No.  CR0201901267

v.

Melvin Ivey                                        **DECISION AND JUDGMENT**

      Appellant                                  Decided:  June 25, 2021

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Henry Schaefer, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Appellant, Melvin Ivey, appeals the September 11, 2019 judgment of the
Lucas County Court of Common Pleas sentencing him to four years in prison.  For the
following reasons, we affirm.

## I. Background and Facts

{¶ 2} On August 27, 2019, Ivey pleaded no contest to one count of felonious assault in violation of R.C. 2903.11(A)(1). At the plea hearing, the trial court elicited from Ivey that he was 23 years old, had completed a year of community college, and was a certified phlebotomist. Following the state's recitation of the facts underlying the charge, the trial court found Ivey guilty and ordered a presentence investigation report ("PSI").

{¶ 3} On September 11, 2019, the trial court sentenced Ivey to four years in prison. In addition to the prison term, the trial court ordered Ivey to pay "the costs of prosecution." The court did not expressly impose any other fees or costs. While the court noted that Ivey had no criminal history and was gainfully employed, it did not address his ability to pay financial sanctions in any other way. Although the trial court did not directly address Ivey's ability to pay, it stated that it had reviewed the PSI, which includes information about Ivey's financial, educational, and vocational background.

{¶ 4} The trial court included the imposition of costs and fees in its September 11, 2019 sentencing entry. Specifically, the entry states:

> Defendant found to have, or reasonably may be expected to have, the
> means to pay all or part of the applicable costs of supervision, confinement,
> assigned counsel, and prosecution as authorized by law. Defendant ordered
> to reimburse the State of Ohio and Lucas County for such costs. * * *

2.

Defendant further ordered to pay the cost[s] assessed pursuant to R.C. 9.92(C), 2929.18 and 2951.021 if not sentenced to ODRC.

{¶ 5} Ivey now appeals his conviction, raising one assignment of error:

THE TRIAL COURT ERRED TO THE PREJUDICE OF MR. IVEY WHEN IT ORDERED HIM TO PAY UNSPECIFIED COSTS, INCLUDING COURT APPOINTED FEES, WITHOUT FIRST DETERMINING THE ABILITY TO PAY THOSE COSTS.

## II. Law and Analysis

{¶ 6} In his assignment of error, although he concedes that the trial court was required to impose the costs of prosecution, Ivey contends that the trial court erred by imposing the remaining financial sanctions because there is no evidence in the record that the court considered his ability to pay. The state responds that the evidence in the record clearly and convincingly supports the trial court's finding that Ivey "ha[s], or reasonably may be expected to have, the means to pay all or part of the applicable costs of supervision, confinement, [and] assigned counsel * * *."

{¶ 7} Our standard of review on this issue is whether the imposition of costs was contrary to law. R.C. 2953.08(A)(4) and (G)(2)(b); *State v. Farless*, 6th Dist. Lucas Nos. L-15-1060 and L-15-1061, 2016-Ohio-1571, ¶ 4; *State v. Collins*, 2015-Ohio-3710, 41 N.E.3d 899, ¶ 31 (12th Dist.) ("An appellate court may not modify a financial sanction unless it finds by clear and convincing evidence that it is not supported by the record or is contrary to law." (Internal quotations omitted.)).

3.

{¶ 8} The imposition of the costs of supervision, confinement, and assigned counsel is discretionary. *State v. Gray*, 6th Dist. Lucas No. L-15-1072, 2015-Ohio-5021, ¶ 20. If the court elects to impose these costs, it must affirmatively find that the defendant has, or reasonably may be expected to have, the ability to pay. *Id.* at ¶ 21; *State v. Wymer*, 6th Dist. Lucas No. L-18-1108, 2019-Ohio-1563, ¶ 14; R.C. 2929.18(A)(5)(a)(i), (ii); R.C. 2945.51(D). Although the "best practice" is for the trial court to put the basis for its findings regarding a defendant's ability to pay on the record, the trial court is not *required* to explicitly make findings on the record. *State v. Taylor*, Slip Opinion No. 2020-Ohio-6786, -- N.E.3d --, ¶ 2. Nor is the court required to consider any specific factors in reaching its determination about a defendant's ability to pay. *State v. VanCamp*, 6th Dist. Wood No. WD-15-034, 2016-Ohio-2980, ¶ 10. While the court need not conduct a formal hearing as to the defendant's ability to pay discretionary costs, a finding of his ability to pay must be supported by clear and convincing evidence in the record. *Wymer* at ¶ 14. When the record on appeal contains no evidence reflecting the trial court's consideration of present or future ability to pay these costs—such as consideration of defendant's age, health, employment history, or level of education—the imposition of these costs is improper and must be vacated. *State v. Stovall*, 6th Dist. Lucas No. L-18-1048, 2019-Ohio-4287, ¶ 37. The trial court's indication that it reviewed a PSI that includes information on the defendant's financial, educational, and vocational background is sufficient to support the trial court's imposition of discretionary costs. *See State v. Cantrill*, 6th Dist. Lucas No. L-18-1047, 2020-Ohio-1235, ¶ 91.

4.

**{¶ 9}** Here, the trial court explicitly stated that it "reviewed the presentence report * * *" before imposing Ivey's sentence. The PSI includes sufficient information about Ivey's age, educational history, employment and vocational history, and past wages to support the trial court's finding that Ivey had, or reasonably would have, the ability to pay the costs of supervision, confinement, and assigned counsel. *See Cantrill* at ¶ 91; *State v. Leveck*, 6th Dist. Fulton No. F-20-009, 2021-Ohio-1547, ¶ 17.

**{¶ 10}** Because the record clearly and convincingly supports the trial court's finding that Ivey has or will have the ability to pay, we find that the court's imposition of discretionary costs is not contrary to law. Ivey's assignment of error is not well-taken.

## II. Conclusion

**{¶ 11}** Based on the foregoing, the September 11, 2019 judgment of the Lucas County Court of Common Pleas is affirmed. Ivey is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Christine E. Mayle, J.           _____
                                                                    JUDGE

Gene A. Zmuda, P.J. 

Myron C. Duhart, J.           _____
CONCUR.                                                              JUDGE

                                                 _____
                                                             JUDGE

5.

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.