[Cite as *State v. Gifford*, **2021-Ohio-3806.**]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                     :

      Plaintiff-Appellee,            :            No. 21AP-136
                                          (C.P.C. No. 20CR-5018)

v.                                                :
                                          (ACCELERATED CALENDAR)

Harley S. Gifford,                                :

      Defendant-Appellant.           :

---

D E C I S I O N

Rendered on October 26, 2021

---

**On brief**: *G. Gary Tyack*, Prosecuting Attorney, and *Kimberly M. Bond*, for appellee. **Argued**: *Kimberly M. Bond*.

**On brief**: *Mango Law Office*, and *Dominic L. Mango*, for appellant. **Argued**: *Dominic L. Mango*.

---

APPEAL from the Franklin County Court of Common Pleas

NELSON, J.

{¶ 1} Rabbit holes can be inviting, but here we decline the parties' invitation to stay in one overly long. The issue in this case distills to whether the trial court abused its discretion in denying defendant-appellant Harley S. Gifford's motion to withdraw his domestic violence guilty plea after sentence on the grounds that a predicate offense that had elevated the degree of the offense charged had been misrecorded in a 2019 court entry as aggravated menacing rather than assault. Because *either* aggravated menacing *or* assault can elevate the degree of a subsequent domestic violence offense when committed against a family or household member, we do not conclude that the trial court abused its discretion in finding no manifest injustice that would allow Mr. Gifford to withdraw his plea.

{¶ 2}   Mr. Gifford's own "statement of facts" provides some context:

> On October 4, 2020, police were dispatched on a domestic violence run in response to a 911 call from [M.G.] who claimed she was assaulted by her boyfriend * * * Mr. Gifford. Upon arrival, officers observed a female running from a rear carport to the residence carrying a small child. She advised the officers that Mr. Gifford was inside the house acting crazy. She stated that he had torn up the house, choked her, and slammed her into the wall.
>
> The officers attempted to take Mr. Gifford into custody but he initially refused to come out of his house. He was very distraught and stated that he wanted the police to enter the house and kill him. There was an extended period of negotiation until Mr. Gifford eventually showed his hands and revealed that he did not have a weapon. * * * *
>
> Relying on [a 2019 conviction] as an enhancing predicate offense, the Franklin County Prosecuting Attorney presented the matter to a grand jury. * * * * [Absent witness cooperation,] the charges were brought based solely on the content of the 911 call and the excited utterances that [M.G.] made at the time to responding officers. * * * *
>
> Mr. Gifford was indicted on one count of domestic violence in violation of R.C. §2919.25(A), being enhanced [sic] to a fourth-degree felony by virtue of an alleged prior conviction for "assault" against a family or household member. On January 8, 2021 Mr. Gifford entered a guilty plea to the lesser included offense of attempt in violation of R.C. §2923.02 as it relates to R.C. §2919.25, [with that attempt] being a felony of the fifth degree.
>
> On March 3, 2021 Mr. Gifford was sentenced to a ten-month stated prison term. [Then, in connection with a community control revocation hearing in the 2019 municipal court case, his] counsel discovered for the first time that the underlying judgment entry of conviction was not for the crime of assault in violation of R.C. §2903.13 as alleged in the instant indictment, but rather for the offense of aggravated menacing in violation of R.C. §2903.21.

Appellant's Brief at 1-2.

{¶ 3}   This recitation of the facts is not significantly inconsistent with what we find in the record.  Mr. Gifford had been indicted in this case for domestic violence as a fourth-degree felony under Ohio Revised Code 2919.25.  Absent other circumstances, domestic violence is a misdemeanor, but "if the offender previously has pleaded guilty to or been convicted of domestic violence * * * or any offence of violence if the victim of the offense was a family or household member at the time of the commission of the offense," a violation would be a fourth-degree felony.  R.C. 2919.25(D)(3).  Here, the indictment charged that Mr. Gifford "was previously convicted of or pleaded guilty to Assault involving a victim who was family or a household member at the time of the commission of the violation, to wit: on or about January 11, 2019 in Franklin County Municipal Court, Franklin County, Ohio, in violation of R.C. 2903.13."  On January 8, 2021, Mr. Gifford did plead guilty to an attempt at the charged domestic violence, with the attempt being a fifth-degree felony.  On March 3, 2021, the trial court accepted the plea and sentenced him to felony time:  ten months in prison, with credit for 102 days served.

{¶ 4}   And Mr. Gifford did then move to withdraw his plea after the defense discovered, apparently to its surprise, that the 2019 conviction referenced in the indictment as predicate for the 2021 felony-level charge had been recorded by the municipal court as involving a plea and finding of guilty not to assault under R.C. 2903.13 (as supposed by the 2021 indictment), but rather as having involved a plea of guilty to R.C. 2903.21 (which is aggravated menacing).

{¶ 5}   "Aggravated Menacing is not a crime listed in 2919.25(D)(3) which can form a basis to [elevate] a subsequent [d]omestic violence [offense] from a misdemeanor to a felony," Mr. Gifford's motion contended:  "As such, the Defendant is actually innocent of the crime charged and the charge pleaded to.  Furthermore, the State cannot * * * obtain a valid indictment, let alone convict Mr. Gifford, of a felony Domestic Violence [offense] due to the fact that no underlying conviction exists which would serve to enhance the conduct charged in this matter."  March 8, 2021 Defendant's Motion to Withdraw Plea Under Criminal Rule 32.1 at 2.

{¶ 6}   The trial court promptly conducted a hearing on Mr. Gifford's motion to withdraw his felony plea.  The state chose to respond to the motion by arguing that despite the face of the municipal court's 2019 entry, "Mr. Gifford was actually convicted of assault"

in that earlier case. March 30, 2021 Motion Hearing Tr. at 9. The municipal court judge had "put the wrong Code section in the entry. But, again, that entry doesn't reflect what actually happened. * * * Mr. Gifford was convicted of assault against a family member. Similarly, when [the 2021] case was presented to the Grand Jury, the Grand Jury received testimony that Mr. Gifford was convicted of assault against a family member." *Id.* at 10.

{¶ 7} The state submitted evidence to establish that the count to which Mr. Gifford had pleaded guilty in 2019 had been charged as assault (a first-degree misdemeanor, against the same victim M.G. as alleged in the 2021 case), and that one of the counts that was designated as "dismissed" on the 2019 combined plea and sentencing form had been for aggravated menacing. The state also provided as evidence a tape recording of the 2019 municipal court proceeding in which Mr. Gifford articulated his guilt to the charge of assault against M.G. "[D]espite the [s]crivener's error in the [earlier] municipal court conviction, the fact remains that he was actually convicted of a qualifying offense," the state urged. *Id.* at 11 (again taking the view that "he was actually convicted of the underlying assault").

{¶ 8} The trial court supplemented that argument by saying that "although this isn't testimony in court," the municipal court judge from the earlier case had "come by the chambers [and spoken] with myself, counsel for the State and defendant, and has recognized the issue with the entry and has indicated that he was going to file a corrected, or a nunc pro tunc, entry later today and send it to all counsel." *Id.* at 14.

{¶ 9} Pursuant to Criminal Rule 32.1: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The trial court found no manifest injustice so as to permit withdrawal of the plea. *Id.* at 15. The 2019 municipal court entry, it found, "clearly, to the Court, indicates a guilty plea to Count 2, which was [specified in the complaint as] assault. And although it lists a Section No. 2903.21, it's clear to the Court, and confirmed by the judge who wrote it, that that was a [s]crivener's error or typo [sic]." *Id.* (further noting that "if you look at the very next line, Count 3, which was [charged as] the count involving the aggravated menacing, was dismissed"; also citing the tape recording). The trial court further elaborated: "[A]gain, there's a statement of facts done at the time of this guilty plea

to the Felony 5. There was no objection made that the defendant was [not] guilty of an assault involving a family or household member back in January of 2019." *Id.* at 16.

{¶ 10} Following the hearing, the trial court filed its Decision and Entry denying Mr. Gifford's motion "[f]or the reasons set forth by the Court on the record at the conclusion of the hearing." March 30, 2021 Decision and Entry Denying Defendant's Motion to Withdraw Plea. That same day, the municipal court judge from the earlier matter filed a "Nunc Pro Tunc" entry specifying that the 2019 plea and conviction had been for a violation of R.C. 2903.13(A) (assault). Mr. Gifford then appealed in this case, submitting as assignments of error that the trial court had erred and abused its discretion in rejecting his motion to withdraw his plea, or alternatively that the offense should have been sentenced as a first-degree misdemeanor. *See* Appellant's Brief at 7. He contends:

> [1.] The trial court committed prejudicial error and an abuse of discretion when it overruled appellant's motion to withdraw his guilty plea and thereby violated appellant's rights to due process and to a proper presentment to a grand jury that are guaranteed under Article I, Sections 10 and 15 of the Ohio Constitution.
>
> [2.] The Appellant's sentence is clearly and convincingly excessive in violation of Ohio Constitution, Article I Section 9 and otherwise contrary to law and must either be modified and reduced pursuant to R.C. §2953.08(G)(2)(b) or vacated and remanded to the trial court for resentencing.

Appellant's Brief at iii (capitalizations adjusted).

{¶ 11} "A motion to withdraw a guilty plea after sentence is addressed to the sound discretion of the trial court, and the trial court's judgment will not be reversed absent a demonstration of abuse of discretion in concluding no manifest injustice occurred." *State v. Hill*, 10th Dist. No. 12AP-463, 2013-Ohio-674, ¶ 16 (citations omitted). "An abuse of discretion implies that the court's attitude is unreasonable, arbitrary[,] or unconscionable." *Id.*, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). The trial court determination that we review for abuse of discretion goes to whether the defendant seeking to withdraw his plea after sentence has met his burden of establishing manifest injustice through specific facts presented to the court. *Hill* at ¶ 15.

{¶ 12} "Manifest injustice relates to some fundamental flaw in the proceedings which result in a miscarriage of justice or is inconsistent with the demands of due process." *State v. Williams*, 10th Dist. No. 03AP-1214, 2004-Ohio-6123, ¶ 5 (citations omitted). It exists only in "extraordinary cases." *State v. Smith*, 49 Ohio St.2d 261, 264 (1977) (collecting federal authorities).

{¶ 13} In its argument to us, the state seems to adopt Mr. Gifford's premise from his briefing to the trial court that while assault on a family or household member is a predicate that can elevate the degree of a later domestic violence offense, aggravated menacing is not. *See, e.g.*, Appellee's Brief at 2 (Mr. Gifford had argued that "the prior municipal conviction was for aggravated menacing, which is not a predicate offense that enhances domestic violence to a felony"). Were we to share that premise, the outcome here might well be different.

{¶ 14} After all, it is a mainstay of Ohio jurisprudence that a court speaks only through its entries. As we underscored in *State v. Powers*, 10th Dist. No. 15AP-422, 2015-Ohio-5124, ¶ 18, "we must adhere to the simple analysis that a trial court speaks through its entry. 'First, a court speaks only through its journal entries. *State ex rel. Worcester v. Donnellon*, 49 Ohio St.3d 117, 118 * * * (1990). Neither the parties nor a reviewing court should have to review the trial court record to determine the court's intentions. Rather, the entry must reflect the trial court's action in clear and succinct terms.' *Infinite Sec. Solutions, L.L.C. v. Karam Properties II, Ltd.*, 143 Ohio St.3d 346, 2015-Ohio-1101, ¶ 29." That is an important principle, for it protects Ohioans against shifting and unknowable after-the-fact rulings created ad hoc to address particular perceived exigencies without opportunity for considered assessment and review; it helps ensure fairness and consistency.

{¶ 15} Ohio's court record-keeping system is designed so that all parties may proceed from the same written understanding of what has gone before, without need or warrant for the judge in an earlier case to pop in to different chambers to explain what happened a couple years earlier. It may be a useful rule of thumb that if an earlier plea and conviction to support elevation of the degree of a later-charged offense is thought to warrant in-person recharacterization by the judge who presided over that earlier matter, at least some sort of deep breath is in order.

{¶ 16} At least at the time Mr. Gifford made his common pleas court plea (and indeed at the time Mr. Gifford filed his motion to withdraw that plea), the municipal court entry from his 2019 case reflected that he had pleaded guilty and been convicted there of aggravated menacing, not assault. The municipal court nunc pro tunc correction came after those events (and without time for appeal before the common pleas court denied the motion to withdraw the plea there). The state was incorrect in its argument to the common pleas court that Mr. Gifford already "was actually convicted" of assault at the time of his plea there, for no court entry had reflected a sentence on that charge and "[t]o constitute a prior conviction * * *, there must be a judgment of conviction as defined in Crim.R. 32(B)." *State v. Henderson*, 58 Ohio St.2d 171, 179 (1979) (regarding prior conviction as needed to elevate degree of offense; court looks to conviction and not to facts of guilt); *see also State v. Gwen*, 134 Ohio St.3d 284, 2012-Ohio-5046, ¶ 20 ("a judgment of conviction does not exist without a sentence" and a "judgment entry of conviction must follow Crim.R. 32(C) to be appealable") (citations omitted).

{¶ 17} By the same token, the 2019 municipal court entry as it stood at the time of Mr. Gifford's common pleas court plea in this matter reflected a plea of guilty to aggravated menacing, not assault. Ohio's domestic violence statute elevates the degree of that offense based on *either* a previous plea to *or* a conviction of the specified predicate offenses, R.C. 2919.25(D)(3); here, the state points to and we find no municipal court entry specifying how Mr. Gifford pleaded in 2019 apart from the unitary "Sentence Entry" (later changed "nunc pro tunc") recording that he had pleaded guilty and was being sentenced for violation of R.C. 2903.21 (aggravated menacing). Although this will not always be so in cases for which the degree of domestic violence charged is elevated by a prior offense, here the analysis is the same for both the earlier plea and the earlier conviction.

{¶ 18} But for purposes of assessing whether the trial court abused its discretion in finding no manifest injustice that would permit Mr. Gifford to withdraw his post-sentence plea, we see no meaningful distinction between whether Mr. Gifford's earlier offense (against the same victim) was for assault or for aggravated menacing. Our reading of the law is that both offenses provide the same predicate for purposes of elevating the degree of a domestic violence offense: *either* prior offense -- assault when against a family or

household member, *or* aggravated menacing when against a family or household member -- suffices under R.C. 2919.25(D)(3) to raise the degree of the offense of domestic violence.

{¶ 19} And because the distinction makes no difference as to the degree of the later offense charged, Mr. Gifford's argument that the municipal court records showed him as having been convicted of the former and not the latter sort of misdemeanor does not begin to establish a manifest injustice permitting him to withdraw his plea of guilty to a fifth-degree felony attempt at domestic violence.

{¶ 20} Mr. Gifford does not quarrel with that part of the indictment that charged in this case that he "did knowingly cause or attempt to cause physical harm to [M.G.], a family or household member."  That is an offense of domestic violence.  R.C. 2919.25(A).  He concedes that the indictment was "not otherwise * * * fatally flawed" beyond the recitation of "assault" as the predicate elevating offense.  Appellant's Brief at 6.  The sole fact upon which he grounds his argument that the trial court abused its discretion in not finding manifest injustice is that "the judgment entry concerning the predicate offense used to enhance the first-degree misdemeanor domestic violence charge to the level of a fourth-degree felony clearly indicated the plea and conviction were for a violation of R.C. §2903.21 – aggravated menacing – not for assault under R.C. §2903.13."  *Id.* at 5.  But a previous conviction for aggravated menacing against a family or household member has precisely the same effect as a previous conviction for assault of a family or household member under the terms of the domestic violence statute.

{¶ 21} Mr. Gifford's argument to the trial court that  "Aggravated Menacing is not a crime listed in 2919.25(D)(3) which can form a basis to [elevate] a subsequent [d]omestic violence [offense] from a misdemeanor to a felony," Motion to Withdraw at 2, is true only in the sense that the statutory section for aggravated menacing is not specifically designated by name in the listing of prior offenses that can elevate the degree of domestic violence charged.  But that is only because aggravated menacing (just like assault) falls within the broader category of an "offense of violence," and the domestic violence statute is explicit that such offenses *do* elevate the degree of an R.C. 2919.25(A) or (B) charge.  We have explained (with our ellipses in the original) that:  "R.C. 2919.25(D)(3) provides that 'if the offender previously has pleaded guilty to or been convicted of domestic violence * * * or any offen[s]e of violence if the victim of the offense was a family or household member at the

time of the commission of the offense, a violation of division (A) or (B) of this section is a felony of the fourth degree * * *.' " *State v. McGowan*, 10th Dist. No. 08AP-55, 2008-Ohio-5894, ¶ 5, quoting R.C. 2919.25(D)(3).

{¶ 22} We know that aggravated menacing, like assault, is an "offense of violence." We know that because the General Assembly has told us so. R.C. 2901.01(A)(9) defines an " '[o]ffense of violence' " to mean "any of the following: (a) A violation of section * * * 2903.13 [assault], * * * 2903.21 [aggravated menacing], * * * [or other specified offenses]." This list of offenses of violence also includes R.C. 2903.22, which is "menacing" simpliciter, and we therefore have held that a prior conviction for menacing can elevate the degree of an offense of domestic violence. *McGowan*, 2008-Ohio-5894 at ¶ 8 ("Because R.C. 2919.25(D)(3) includes not only domestic violence as an offense that will elevate a misdemeanor charge for domestic violence to a felony, but also 'any offense of violence if the victim of the offense was a family or household member at the time of the commission of the offense,' the issue is whether menacing is an offense of violence. R.C. 2901.01(A)(9)(a) resolves the issue. [It is.]"). The same is true of aggravated menacing, here as committed against the same victim, M.G., as was the victim in the subsequent domestic violence case that generated the guilty plea at issue here. *Compare McGowan* at ¶ 9-10 (evidence was sufficient to show that the earlier, menacing conviction involved a family member and therefore qualified as a predicate elevating offense; the domestic violence complaint and the complaint in the menacing case involved the same victim).

{¶ 23} Thus, when Mr. Gifford's lawyer conceded during the plea colloquy that his client was on probation for "the underlying offense that elevated this to a felony," *see* January 8, 2021 Plea Transcript at 5, he was not as far off as Mr. Gifford's later argument that aggravated menacing is not an elevating predicate might imply. (We are constrained to note, however, that the trial court's supposition during the plea withdrawal hearing that the facts of the predicate offense had been spelled out "at the time of this guilty plea," March 30, 2021 Tr. at 16, is not borne out by the record.)

{¶ 24} In this case, Mr. Gifford was indicted for the crime of domestic violence as a fourth-degree felony. That the indictment recited that the predicate conviction or plea (making the domestic violence offense to a fourth-degree felony rather than a first-degree misdemeanor) was for "Assault" of a victim who was a family or household member rather

than for "Aggravated Menacing" of the same victim in the same earlier Franklin County Municipal Court action was not shown to be a basis for any manifest injustice. Had the indictment made reference to previous "aggravated menacing" rather than to "assault," it still would have charged domestic violence as a fourth-degree felony. Mr. Gifford pleaded down to an attempt at fourth-degree felony domestic violence, resulting in a fifth-degree felony conviction.

{¶ 25} We need not assess here whether, had the case not resulted in a plea and proceeded to factual development at trial, amendment of the indictment would have been appropriate under Crim.R. 7(D) as not changing the name or identity of the felony domestic violence offense charged: the issue before us is whether under the circumstances of this case, the trial court abused its discretion in failing to find that Mr. Gifford's plea to attempted felony domestic violence worked a manifest injustice (despite Mr. Gifford's argument that although he had been convicted by plea of assailing the victim before, the earlier conviction was recorded as aggravated menacing and not as assault). Because the earlier conviction would have provided a proper predicate even before the nunc pro tunc correction, we discern no abuse of discretion. And in the context presented here, it matters that the "appellant admitted the elements of the offense when he pleaded guilty to the charge[]" of attempted felony domestic violence. *See State v. Tabor*, 10th Dist. No. 08AP-1066, 2009-Ohio-2657, ¶ 11-12 (further finding that trial court there did not abuse its discretion in finding no demonstrated manifest injustice). Under these circumstances, too, we decline any invitation to invalidate as not supported by evidence a facially sufficient indictment to which the defendant pleaded guilty. *Compare, e.g., State v. Khamsi*, 1st Dist. No. C-180405, 2020-Ohio-1472, ¶ 34, *discretionary appeal not allowed* by 2020-Ohio-3712 ("an indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence").

{¶ 26} Mr. Gifford is correct that a trial court speaks through its entries. But that point ultimately takes him nowhere. We do not agree with his first assignment of error that the trial court "committed prejudicial error and an abuse of discretion when it overruled appellant's motion to withdraw his guilty plea * * *." We overrule that assignment. Mr. Gifford's second assignment of error, arguing that the trial court erred in imposing an

appropriate felony sentence for the fifth-degree felony of which Mr. Gifford stood convicted by plea, consequently fails as well and we overrule it, too.

{¶ 27} Having overruled both assignments of error, we affirm the judgment of the trial court in denying Mr. Gifford's motion to withdraw his plea of guilty to a fifth-degree felony of attempted domestic violence.

*Judgment affirmed.*

SADLER and JAMISON, JJ., concur.

NELSON, J., retired, of the Tenth Appellate District, assigned to active duty under the authority of the Ohio Constitution, Article IV, Section 6(C).

_____