[Cite as *State v. Nichols*, 2024-Ohio-5530.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WILLIAMS COUNTY

State of Ohio                                        Court of Appeals No.  WM-23-015

    Appellee                                        Trial Court No.  23 CR 038

v.

Brenton L. Nichols                              **DECISION AND JUDGMENT**

    Appellant                                        Decided:    November 22, 2024

* * * * *

Katherine J. Zartman, Williams County Prosecuting Attorney

Anthony J. Richardson, II, for appellant.

* * * * *

**DUHART, J.**

{¶ 1} Appellant, Brenton Nichols, appeals his conviction and sentence entered by the Williams County Court of Common Pleas following his plea of guilty to a negotiated amended charge of "attempted domestic violence," a felony of the fifth degree. For the reasons that follow, the trial court's judgment is affirmed.

**Statement of the Case**

**Initial Proceedings**

{¶ 2} On February 21, 2023, the Williams County grand jury issued an indictment against appellant charging him with a single count of domestic violence, in violation of R.C. 2919.25(A)(D)(3), a felony of the fourth degree due to a prior conviction for domestic violence. On March 21, 2023, attorney Aaron Cook was appointed as appellant's counsel.

{¶ 3} On May 9, 2023, appellant, pro se, filed a handwritten motion to suppress, and on June 21, 2023, attorney Cook filed a motion to withdraw as appellant's counsel. The trial court granted Cook's motion and appointed attorney Ian Weber as new counsel for appellant.

{¶ 4} At a pretrial conference held on August 24, 2023, appellant, pro se, made an oral motion to dismiss on speedy trial grounds. And on August 28, 2023, appellant, through his counsel, filed a motion to dismiss the indictment, cursorily alleging a speedy trial violation. The State filed a response to the pro se motion to suppress statements and a memorandum in opposition to appellant's motion to dismiss. The case was set for hearing on the motions on September 21, 2023.

**Plea Agreement**

{¶ 5} Instead of proceeding to the scheduled motion hearing on September 21, 2023, the trial court announced that a plea agreement may have been reached between the parties. Under the terms of the agreement, appellant would withdraw his not guilty plea

2.

and enter a plea of guilty to an amended count of "attempted domestic violence," a felony of the fifth degree. In addition, the State would recommend community control.

{¶ 6} The court conducted a colloquy with appellant to ensure that he was entering the plea knowingly, intelligently and voluntarily. In response to the court's questions, appellant indicated that he was mentally fit; that he was not being forced to enter the plea; that he understood the joint sentencing recommendation was not binding on the court; and that he was satisfied with the services of his counsel. In addition, appellant indicated his understanding of the maximum potential penalties that he could face, and that his plea to the amended charge would act as an admission of the facts and allegations contained in the amended count, with the effect being that there would be no trial. Finally, appellant indicated his understanding of the community control sanction, of the specific trial rights that he would be giving up by entering his plea, and of his limited right of appeal. The trial court concluded that appellant knowingly, intelligently, and voluntarily made the decision to enter a guilty plea, and accepted appellant's plea of guilty to the negotiated charge of attempted domestic violence. The trial court ordered a presentence investigation and, just prior to ending the proceedings, advised appellant as follows:

> I just want to make sure you understand that by entering this guilty plea today, the pending motions we did not address, your motion to dismiss we did not address, your motion to suppress we did not address.

Appellant affirmed on the record that he understood.

3.

## Presentence Investigation Report

{¶ 7} The presentence investigation report provided that appellant was a healthy 40-year-old, high school graduate, who for several years-long periods of time between the years 2013 and 2022 worked as a car salesman, earning $60,000.00 per year. The report further provided that appellant was unmarried and without children, and had only a single monthly expense, for rent in the amount of $570.00.

## Sentencing Hearing

{¶ 8} Appellant's sentencing hearing was held on October 24, 2023. Prior to the imposition of sentence, the trial court stated that appellant's work history showed him to be a capable salesman, and appellant said it was his intention to return to that line of work. Thereafter, appellant was sentenced to the jointly recommended community control term. In addition, the court ordered appellant to pay court costs and attorney fees, a $50 per month supervision fee, and a $1,000 fine. Upon imposing the costs, fees, and fine the court stated, "Based upon the pre-sentence investigation, I find that you have the present and future ability to reimburse the State for your attorney's fees and court costs and to pay a fine in this case."

## Sentencing Journal Entry

{¶ 9} The court's sentencing journal entry reflects the imposition of the costs, fees, and fine, specifically providing:

> The Court found that Defendant must pay court cost pursuant to R.C. 2947.23. The Court found based upon due consideration of the Presentence Investigation and other factors, Defendant has the present and/or future ability and can reasonably be expected to pay for the costs of any court-

> appointed counsel costs and supervisions fees permitted, pursuant to R.C. 2929.18 and 2941.51…. Based on the Court's findings and pursuant to R.C. 2941.51(D), Defendant shall pay all court-appointed counsel fees. Court-appointed counsel fees are not a financial sanction and are not part of Defendant's judgment of conviction.

{¶ 10} In addition, the trial court filed a separate order ordering appellant to pay for the costs of his court-appointed counsel.

### Statement of the Facts

{¶ 11} The facts underlying appellant's offense are set forth as follows in the presentence investigation report. On January 27, 2023, officers from the Bryan Police Department were dispatched to the home of appellant and the victim, his live-in girlfriend, R.L, after a neighbor called 911. Upon the officers' arrival, one officer knocked at the door while another was standing nearby. The officer who was standing nearby observed appellant swinging a belt and striking something. The first officer knocked again, and appellant yelled, "Who is it?" The officer announced himself as a member of the Bryan Police Department. He could see from the back window that R.L. was on the bed crying. Appellant came to the door and was observed to be out of breath. The officer asked why he was out of breath, and appellant said that he was cleaning his house.

{¶ 12} The neighbor who called 911 told the officers that she had heard what sounded like someone being smacked with a ruler and she heard a female scream, "Call 911!" R.L. told officers that appellant had hit her in the back of the legs with a belt. She said she screamed "Call 911" about four times.

5.

{¶ 13} On appeal, appellant asserts the following assignments of error:

I.    The trial court committed error by accepting

appellant's plea, where his plea could not have been

made knowingly or intelligently.

II.   The trial court committed error by imposing sanctions,

fines and/or costs on appellant, where the record does

not support such imposition.

**Law and Analysis**

**First Assignment of Error**

{¶ 14} In his first assignment of error, appellant gives two reasons in support of his claim that the trial court erred in accepting appellant's guilty plea as knowing and intelligent. First, appellant claims that he did not have an understanding of the nature of the charge to which he pled, as "no basis supported the crime as alleged in the indictment." Second, appellant claims that he was never told that his guilty plea would "have the effect of eliminating his right to appeal and assert the merit of his motions."

**The trial court did not err by accepting appellant's guilty plea without a factual basis provided.**

{¶ 15} Under Crim.R. 11, a plea of guilty "is a complete admission of the defendant's guilt." Crim.R. 11(B)(1). "In felony cases the court … shall not accept a plea of guilty…without first addressing the defendant personally…and…[d]etermining that

the defendant is making the plea voluntarily, with understanding of the nature of the charges." Crim.R. 11(C)(2)(a).

{¶ 16} It is well-settled that a trial court is not required to set forth any factual basis for a guilty plea at a plea hearing. *See State v. Burton*, 2023-Ohio-1596, ¶ 22 (6th Dist.), citing *State v. Rothenbuhler*, 2016-Ohio-2869, ¶ 6 (6th Dist.).

{¶ 17} Appellant cites *State v. Davis*, 2019-Ohio-1904 (2d Dist.) and *State v. Riddle*, 2017-Ohio-1199 (2d Dist.) for the proposition that "a defendant's guilty plea may be 'rendered less than knowing, intelligent, and voluntary' if the State voluntarily undertakes to provide a statement of the underlying facts that is deficient as to some element of the offense, and the defendant's trial attorney advises the defendant to plead guilty despite the deficiency." *Davis* at ¶ 30, citing *Riddle* at ¶ 39-40. This authority is inapposite to the instant case, where the state provided no factual basis for an amended charge that was amended pursuant to a negotiation between the defense and the State.

{¶ 18} As did this court in *Burton*, we reject the argument that had the prosecution provided a factual basis to support the crime, appellant would not have pled guilty because his actions could never have amounted to the offense. *See Burton* at ¶ 11, 22-23 (rejecting appellant's claim that had the state provided a factual basis to support the crime, he would not have pled guilty because his actions could never have amounted to felonious assault).

{¶ 19} To the extent that the amended charge of attempted domestic violence is a legal fiction as "an attempt to attempt physical harm," that error, if any, was an invited error that benefits appellant. The law is clear that a defendant may not take advantage of

7.

an error that he himself has invited or induced. *See State v. Robinson*, 2008-Ohio-3972, ¶ 7 (8th Dist.) (by agreeing to plead to a crime that was not a lesser included offense of the originally charged crime, the appellant invited the error she raised on appeal); *see also State v. Rohrbaugh*, 2010-Ohio-3286, ¶ 10 (where defendant negotiated for amended indictment and agreed to plead guilty to amended charge, he was not permitted to argue on appeal that the amendment was plain error). In addition, negotiated guilty pleas to the charge of attempted domestic violence under R.C. 2919.25(A)(D)(3) have been upheld by appellate courts many times in Ohio. *E.g., State v. Gifford*, 2021-Ohio-3806, ¶ 27 (10th Dist.); *State v. Thompson*, 2018-Ohio-1393, ¶ 3, 28 (8th Dist.); *State v. Ragland*, 2023-Ohio-31, ¶ 2, 18 (6th Dist.).

{¶ 20} In sum, we conclude that the trial court did not err by accepting appellant's guilty plea without a factual basis provided.

**The trial court sufficiently informed appellant of the effects of his plea.**

{¶ 21} Crim.R. 11(C)(2)(b) provides that in felony cases, a trial court shall not accept a plea of guilty without "[i]nforming the defendant of and determining that the defendant understands the effect of the plea of guilty." Appellant argues that the trial court failed to properly inform him that he would not be able to appeal the issues addressed in his pretrial motions after pleading guilty.

{¶ 22} That a guilty plea waives certain rights on appeal is not one of the specifically enumerated rights the court is required to discuss during the Crim.R. 11 plea colloquy. *See State v. Alvarez*, 2020-Ohio-5183, ¶ 23 ("Crim.R. 11(C)(2) does not contain any language requiring a trial court to inform defendants of their appellate rights,

8.

or lack thereof, before accepting a plea."); *State v. Reynolds*, 2018-Ohio-4942, ¶ 12 (12th Dist.) ("[T]he failure to inform a defendant that a guilty plea waives certain rights on appeal is not one of the specifically enumerated rights the trial court is required to discuss during Crim.R. 11 colloquy."); *State v. Hackathorn*, 2022-Ohio-1612, ¶ 17 (7th Dist.) ("Prior to accepting a guilty plea, a trial court need not inform a defendant that he is waiving the right to appeal the overruling of a motion to suppress.); *State v. Doto*, 2013-Ohio-5628, ¶ 11 (6th Dist.) (dismissing argument that trial court should have specifically addressed the effect that the guilty plea would have on his pretrial motions); *State v. Wilson*, 2022-Ohio-4427, ¶ 7, fn. 1 (6th Dist.) (noting that a court's failure to inform a defendant that his guilty plea would waive a speedy-trial violation issue on appeal does not render the plea involuntary).

{¶ 23} In this case, the trial court properly indicated appellant's right to appeal, stating "If I have made a mistake in accepting your plea today, you still have a limited right of appeal." Appellant indicated he understood and had no questions concerning those rights.

{¶ 24} After accepting appellant's plea, the trial court did clarity that by pleading guilty, appellant's motions were moot. Appellant answered, "I do understand." Appellant did not then or at any time thereafter request to vacate his guilty plea based upon any supposed misunderstanding of an ability to appeal either of his motions.

{¶ 25} Appellant additionally claims that the trial court erred in not informing him of R.C. 2953.08(D)(1). That section states, "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been

9.

recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." Because appellant has not appealed his sentence of community control, R.C. 2953.08(D)(1) has no relevance to this appeal. Moreover, appellate courts have expressly held that a trial court is not required to inform a defendant pleading guilty with a jointly recommended sentence that the defendant would have no right to appeal that sentence under R.C. 2953.08(D)(1). *See Alvarez* at ¶ 22; *State v. Thomas*, 2011-Ohio-214, ¶ 31 (8th Dist.)

{¶ 26} The trial court did not err by accepting appellant's guilty plea, inasmuch as the record reveals that the plea was made knowingly and intelligently. Appellant's first assignment of error is found not well-taken.

## Second Assignment of Error

{¶ 27} Appellant's second assignment of error concerns the imposition of costs. "Our standard of review on this issue is whether the imposition of costs was contrary to law." *State v. Ivey*, 2021-Ohio-2138, ¶ 7, citing R.C. 2953.08(A)(4) and (G)(2)(b). "An appellate court cannot modify a financial sanction unless that court finds, by clear and convincing evidence, that the imposition of the financial sanction is not supported by the record or is contrary to law. *Burton*, 2023-Ohio-1596, at ¶ 25 (6th Dist.).

{¶ 28} In the instant case, appellant appears to concede that the trial court properly imposed the costs of prosecution, which are mandatory under R.C. 2947.23(A)(1)(a). Instead, the focus of his challenge is on the fine imposed, the costs of supervision, and the costs of court-appointed counsel, all of which are discretionary. *See Burton* at ¶ 27 (the trial court's imposition of the costs of supervision and appointed counsel is

10.

discretionary); *State v. Lenhert*, 2009-Ohio-5392, ¶ 8 (6th Dist.) (the decision to impose a fine rests within the sound discretion of the trial court).

**The fine under R.C. 2929.18(A)(3)(e) was properly imposed.**

{¶ 29} Addressing the $1,000 fine first, R.C. 2929.18(A)(3)(e) authorizes the trial court to impose a fine of "not more than two thousand five hundred dollars" for a felony of the fifth degree. Prior to imposing such a fine, R.C. 2929.19(B)(5) requires that the trial court "consider the offender's present and future ability to pay the amount of the sanction or fine." However, "[a] hearing on a defendant's ability to pay is not required. Nor is a court required to make findings. All that is required is that the trial court consider a defendant's ability to pay…. [A] trial court is not required to expressly state that it considered [a defendant's] ability to pay a fine…. [A] reviewing court may infer that a trial court considered the issue." *State v. Saxer*, 2023-Ohio-3548, ¶ 14 (6th Dist.), quoting *State v. Johnson*, 2021-Ohio-3380, ¶ 28 (6th Dist.). (Additional citations omitted.)

{¶ 30} At the sentencing hearing the trial court ordered appellant to pay a fine of $1,000.00 and found, based on the presentence investigation report, that appellant had the present and future ability to pay the fine.

{¶ 31} Here, it is clear, based on the court's express statement, that the trial court considered appellant's present and future ability to pay the amount of the fine, thereby satisfying the requirement of R.C. 2929.19(B)(5). Accordingly, this court does not clearly and convincingly find that the imposition of a $1,000.00 fine was contrary to law.

11.

**The costs of supervision were properly imposed.**

{¶ 32} If a trial court elects to impose the costs of supervision, "the court must affirmatively find the defendant has, or reasonably may be expected to have, the ability to pay. *Burton* at ¶ 27, citing *State v. Ivey*, 2021-Ohio-2138, ¶ 7 (6th Dist.). (Additional citation omitted.) "The trial court is not required to explicitly make findings as to the defendant's ability to pay on the record." *Id.*, citing *State v. Taylor*, 2020-Ohio-6786, ¶ 2. (Additional citation omitted.) "However, the trial court's finding concerning the defendant's ability to pay must be supported by clear and convincing evidence in the record." *Id.*, citing *State v. Wymer*, 2019-Ohio-1563, ¶ 14. (Additional citation omitted.) Where the record indicates that the trial court considered a presentence investigation report, which contains information about the defendant's financial, educational, and employment background, this is sufficient to support the trial court's imposition of discretionary costs. *Burton* at ¶ 28, citing *Ivey* at ¶ 8.

{¶ 33} At the sentencing hearing, the trial court expressly indicated that it had considered the presentence investigation report and that, based on that report, appellant had "the present and future ability to pay. As indicated above, the presentence report revealed that appellant, a high school graduate, was 40 years old at the time of his guilty plea, in very good physical health, with only one monthly expense of $570. The report further revealed that appellant had significant prior experience as a car salesman, earning an average of $60,000 per year.

12.

{¶ 34} We conclude that the trial court's finding concerning appellant's ability to pay the costs of supervision is supported by clear and convincing evidence and, further, is not contrary to law.

**The costs of appointed counsel under R.C. 2941.51(D) were properly imposed.**

{¶ 35} Pursuant to R.C. 2941.51(D), if a person represented "has, or reasonably may be expected to have, the means to meet some part of the cost of [court-appointed counsel] services rendered to the person, the person shall pay the county an amount that the person reasonably can be expected to pay." Although the trial court is not required to explicitly make findings as to the defendant's ability to pay on the record, the trial court's finding must be supported by clear and convincing evidence in the record. *See Burton* at ¶ 27 and *Ivey* at ¶ 8. As with other discretionary costs, it is sufficient to support the trial court's imposition of the costs of court-appointed counsel where the record indicates that the trial court considered a presentence investigation report. *Burton* at ¶ 28, citing *Ivey* at ¶ 8.

{¶ 36} For the reasons described in our discussion of the costs of supervision, we conclude that the trial court's finding concerning appellant's ability to pay the costs of appointed counsel is likewise supported by clear and convincing evidence, and is not contrary to law.

{¶ 37} In conformity with *State v. Taylor*, 2020-Ohio-6786, ¶ 37, which provides that court-appointed-counsel fees may be assessed at the sentencing hearing but may not be included as a part of the offender's sentence, the trial court expressly stated in the sentencing journal entry that such fees were "not a financial sanction" and were "not a

13.

part of Defendant's judgment of conviction." In addition, the trial court imposed the court-appointed-counsel fees by a separate order stating that the imposition of those fees was a civil matter and not a financial sanction or part of appellant's criminal judgment of conviction. *See id.* (to avoid confusion, the best practice would be to include the order of court-appointed-counsel fees in a separate entry, apart from the sentence).

{¶ 38} Because the trial court's imposition of a sanctions, costs, and fees was appropriate in this case, appellant's second assignment of error is not well-taken.

**Conclusion**

{¶ 39} For all of the foregoing reasons, the judgment of the Williams County Court of Common Pleas is affirmed. Appellant is to pay the costs of appeal pursuant to App.R. 24.

Judgment affirmed.


A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Christine E. Mayle, J.                           _____
                                                                  JUDGE
Gene A. Zmuda, J.

Myron C. Duhart, J.                              _____
CONCUR.                                                   JUDGE


                                                 _____
                                                                  JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.