OPINION
{¶ 1} Appellant Amber N. Truax appeals her conviction on one count of possession of drug paraphernalia and one count of possession of marijuana. Appellant was a passenger in a vehicle that was stopped due to a minor traffic violation. When the officer approached the driver, he noticed an odor of marijuana and called for a drug-sniffing dog to investigate. After a few minutes, the dog arrived and reacted to the presence of illegal drugs. The officer searched the car and found marijuana and other drug paraphernalia. He asked Appellant if the items were hers, and she said they were. She was later charged with the two crimes.
 {¶ 2} Appellant filed a motion to suppress evidence. At the suppression hearing, she argued that the delay between the initial stop and the arrival of the drug-sniffing dog was unreasonable, and that all subsequent evidence should have been suppressed. The court overruled the motion, and Appellant subsequently pleaded guilty to the charges and was sentenced to a suspended 30-day jail sentence, and a $150.00 fine.
 {¶ 3} Appellant argues on appeal that the police officer who testified at her suppression hearing was not credible and that there was no basis for believing that the dog arrived in only eleven minutes. She also argues that her confession should have been suppressed. It is clear from the record that Appellant pleaded guilty to the charges. A guilty plea waives all errors unrelated to the voluntariness of the plea itself. Furthermore, the police dispatch log that was entered into evidence shows that only eleven minutes elapsed from the initial stop to the time that the dog arrived, which is not an unreasonable amount of time. Finally, Appellant failed to raise the *Page 2 
issue of the lack of a Miranda warning as part of her motion to suppress, and that issue is waived on appeal. The judgment of the Belmont County Court, Western Division, is hereby affirmed.
 HISTORY OF THE CASE {¶ 4} At 10:29 p.m. on June 29, 2006, Barnesville Patrolman Jeremy Gardner stopped a vehicle being driven by Christopher Fulton. Appellant was a passenger in the vehicle. The patrolman stopped the car because he noticed that the rear license plate was obstructed and could not be read. When he approached the vehicle, he noticed a smell of marijuana, and he called for a police canine unit to come to the scene. He estimated that the canine unit arrived eight minutes after he made the initial stop. The dog started barking, indicating the presence of controlled substances. Patrolman Gardner searched the car and found a baggie of what he believed to be marijuana, as well as rolling papers and a marijuana pipe. He also found a pill on Appellant's car seat, but this was later identified as prescription medicine. Patrolman Gardner asked Ms. Truax who owned the items he had found, and she told him that they were hers. (Tr., p. 10.) Ms. Truax was not arrested at the scene, but a complaint was filed on July 11, 2006, charging her with one count of possession of drug paraphernalia, R.C. 2925.14(C)(1), a fourth degree misdemeanor, and one count of possession of marijuana, R.C. 2925.11(A), a minor misdemeanor.
 {¶ 5} On August 16, 2006, Appellant filed a one-sentence motion to suppress, alleging that the evidence against her was collected after an unlawful search. The court held a suppression hearing on September 5, 2006. A transcript of *Page 3 
this hearing is in the record. The only issue raised at the hearing was the exact timing of certain events, namely, the time of the initial stop, the request for a drug-sniffing dog, the arrival of the police dog, and the termination of the stop. The court filed a journal entry on November 16, 2006, overruling the motion to suppress.
 {¶ 6} The case was heard on December 5, 2006, at which time Appellant entered a plea of guilty to the charges. There is no transcript of this hearing in the record. The trial court accepted the guilty plea and sentenced Appellant to 30 days in jail, all suspended, and a $150.00 fine, along with court costs. Appellant's license was also suspended. This timely appeal followed on December 13, 2006.
 ASSIGNMENT OF ERROR NO. 1 {¶ 7} "The court erred when it denied Defendant's motion to suppress where there existed no competent, credible evidence to support its finding that detention of the Defendant was reasonable."
 {¶ 8} Appellant's basic concern appears to be that she was detained for an unreasonably long time before the drug-sniffing dog arrived, and that any evidence resulting from that unreasonable detention should be suppressed. Appellee correctly points out that Appellant cannot raise this argument on appeal because she pleaded guilty to the charges, and a guilty plea waives any right to appeal a ruling on a motion to suppress or any other trial court error, except for errors in the plea itself.State v. Kelley (1991), 57 Ohio St.3d 127, 566 N.E.2d 658, paragraph two of the syllabus. Because Appellant entered a plea of guilty, she has waived the right to challenge any alleged unreasonableness in the search of her car. *Page 4 
 {¶ 9} Assuming Appellant had not waived appellate review of the alleged error, her first assignment of error would still be overruled. An appellate court's review of a ruling on a motion to suppress presents a mixed question of law and fact. State v. Burnside, 100 Ohio St.3d 152,2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. The reviewing court should accept the trial court's findings of fact as correct if they are supported by some competent and credible evidence. State v. Fanning (1982),1 Ohio St.3d 19, 20, 437 N.E.2d 583. The reviewing court then determines, without deference to the trial court, whether the facts meet the appropriate legal standards applicable to the case. State v. Evans
(2001), 144 Ohio App.3d 539, 549, 760 N.E.2d 909.
 {¶ 10} When a trained narcotics dog gives an alert that illegal drugs are present, an officer has probable cause to search a vehicle.State v. Lopez, 166 Ohio App.3d 337, 2006-Ohio-2091, 850 N.E.2d 781, ¶ 22. A canine sniff by a drug detection dog of the exterior of a vehicle, lawfully detained for a traffic stop, does not implicate Fourth Amendment rights. Illinois v. Caballes (2005), 543 U.S. 405,125 S.Ct. 834, 160 L.Ed.2d 842. Police are not required to have reasonable suspicion that a vehicle contains drugs prior to conducting a canine sniff of the vehicle during a traffic stop so long as the duration of the stop does not extend beyond what is reasonably necessary to resolve the issue that led to the stop and issue a traffic citation. State v.Ramos, 155 Ohio App.3d 396, 2003-Ohio-6535, ¶ 10. If, however, the duration of the stop is extended in order to bring a drug sniffing dog to the scene, *Page 5 
police must have a reasonable suspicion that the vehicle contains drugs in order to justify the continued detention. Id. at ¶ 13.
 {¶ 11} In this case, the officer had a reasonable suspicion to continue the traffic stop because he smelled marijuana. Appellant seems to be confused as to the legal basis for her argument, because it is premised on the idea that a police officer who has no reasonable suspicion of the presence of drugs cannot artificially prolong a traffic stop until a drug-sniffing dog can be summoned. The state does not dispute that a traffic stop may last only as long as reasonably necessary to resolve the issue that led to the original stop. State v.Chatton (1984), 11 Ohio St.3d 59, 63, 11 OBR 250, 463 N.E.2d 1237. Once an officer has a reasonable suspicion that other illegal activity may be occurring, though, the stop may be reasonably delayed to investigate those further suspicions. Appellant was not being detained solely because of the license plate violation, but because the officer smelled marijuana. Thus, a consideration as to the reasonable length of a traffic stop solely for a license plate violation is irrelevant. Patrolman Gardner had a reasonable suspicion of illegal drug activity. He could lawfully call for a police dog and wait for it to arrive to check for drugs based on this suspicion.
 {¶ 12} Even if Patrolman Gardner did not have this reasonable suspicion, the time between the traffic stop and the arrival of the police dog was only about eleven minutes. Appellant disputes this, but it is apparent from both Patrolman Gardner's testimony and the dispatcher's log that the time period from the initial stop to the arrival of the dog was only a few minutes. Patrolman Gardner stated it was about *Page 6 
eight minutes, and the log reflects that it was eleven minutes. There is nothing in the record indicating any artificial delay while the police investigated the initial traffic stop. Appellant has not cited to any authority in which an eleven minute delay has been held to constitute a search and seizure violation in and of itself. There is ample evidence to support the trial court's finding and to overrule the motion to suppress, and this assignment of error is likewise overruled.
 ASSIGNMENT OF ERROR NO. 2 {¶ 13} "The court erred when it denied Defendant's motion to suppress by improperly admitting statements of the Defendant obtained as the result of a custodial interrogation conducted by the patrolman who failed to advise Defendant of her Miranda Rights."
 {¶ 14} Appellant argues that, prior to the commencement of a custodial interrogation, the police must inform a defendant of his or her Miranda rights: the right to remain silent, to obtain an attorney, and to have an attorney appointed by the state if he or she is unable to afford one. See, e.g., Miranda v. Arizona (1966), 384 U.S. 436, 86 S.Ct. 1602,16 L.Ed.2d 694; California v. Beheler (1983), 463 U.S. 1121,103 S.Ct. 3517, 77 L.Ed.2d 1275. Appellant contends that she was in custody when Patrolman Gardner interrogated her and asked about the marijuana. According to Patrolman Gardner, she confessed to ownership of the marijuana. Appellant states that no one explained any of the Miranda rights to her, and as a result, the confession should have been suppressed. *Page 7 
 {¶ 15} Appellee again correctly states that Appellant waived any error concerning her confession because she pleaded guilty to the charges. A guilty plea waives all appealable trial court errors unrelated to the entry of the plea. Kelley, supra, 57 Ohio St.3d 127, 566 N.E.2d 658, paragraph two of the syllabus. Whether or not Appellant was given a proper Miranda warning is unrelated to whether she made a voluntary, intelligent and knowing plea, and therefore, the error is waived on appeal.
 {¶ 16} Furthermore, Appellant did not raise the issue of her confession as part of her motion to suppress or during the suppression hearing. The adequacy of a confession or the failure to properly provide Miranda warnings are issues that must be resolved in the trial court during suppression proceedings, and these issues cannot be raised for the first time on appeal. State v. Foust, 105 Ohio St.3d 137,2004-Ohio-7006, 823 N.E.2d 836, ¶ 58; State v. Mallory (Jan. 25, 2001), 7th Dist. No. 97-JE-64; see also Crim.R. 12(C)(3).
 {¶ 17} It is clear that Appellant's motion to suppress did not give any specific reasons for suppressing evidence other than that the search was unlawful. (8/16/06 Motion to Suppress.) A motion to suppress must specifically set forth the alleged grounds to suppress any evidence in order to allow the issue to be properly rebutted by the state.Dayton v. Dabney (1994), 99 Ohio App.3d 32, 37, 649 N.E.2d 1271. The words "confession" or "Miranda" do not appear in the motion to suppress and were never used during the suppression hearing. The suppression hearing did not even remotely touch on the subject of her confession. It is clear that Appellant is *Page 8 
raising the Miranda issue for the first time on appeal, and as such, the issue has been waived.
 {¶ 18} Neither of Appellant's assignments of error has merit, and the judgment of the trial court is affirmed.
Vukovich, J., concurs.
 DeGenaro, P.J., concurs. *Page 1