[Cite as *State v. Hackathorn*, 2022-Ohio-1612.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

BRANDON SCOTT HACKATHORN,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 21 BE 0013**

---

Criminal Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 20 CR 0175

**BEFORE:**
Gene Donofrio, Carol Ann Robb, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed

---

*Atty. J. Kevin Flanagan,* Prosecutor and *Atty. Daniel P. Fry,* Assistant Prosecutor, 52160 National Street, Saint Clairsville, Ohio 43950, for Plaintiff-Appellee and

*Atty. Edward F. Borkowski, Jr.*, P.O. Box 609151, Cleveland, Ohio 44109, for Defendant-Appellant.

Dated:
May 12, 2022

**Donofrio, P. J.**

{¶1} Defendant-Appellant, Brandon Hackathorn, appeals from a Belmont County Common Pleas Court judgment convicting him of possession of heroin following his guilty plea.

{¶2} After listening to telephone conversations from the Belmont County Jail, which raised suspicion that appellant may be involved in drug trafficking, Belmont County Sheriff's Corporal Jason Schwarck obtained a search warrant for appellant's residence on June 26, 2020. That same day, Corp. Schwarck, several deputies, and several local police officers executed the warrant. As part of the execution, the team surveilled the area near appellant's residence to look for him. Officers attempted to stop appellant, who had a suspended driver's license, while he was driving nearby. Appellant jumped out of his vehicle and fled on foot. The officers eventually apprehended appellant. The search of appellant's person, residence, and the path appellant had fled on yielded narcotics, drug paraphernalia, ammunition, cash, and a firearm.

{¶3} Subsequently, a Belmont County Grand Jury indicted appellant on charges of tampering with evidence, a third-degree felony in violation of R.C. 2921.12(A)(1)(B), and possession of heroin, a first-degree felony in violation of R.C. 2925.11(A)(C)(6)(e). Appellant initially entered a not guilty plea on October 15, 2020.

{¶4} On December 28, 2020, appellant filed a motion to suppress all evidence obtained as a result of the traffic stop and search warrant. The trial court held a hearing on the motion on February 26, 2021, and overruled it.

{¶5} Later on February 26, 2021, pursuant to a plea agreement with plaintiff-appellee, the State of Ohio, appellant changed his plea to guilty to the possession of heroin count. In exchange, the state agreed to dismiss the tampering with evidence count. The trial court conducted a change of plea hearing, accepted appellant's plea, and set the matter for sentencing. At the March 15, 2021 sentencing hearing, the court sentenced appellant to a minimum of 8 years and a maximum of 12 years in prison and a five-year license suspension.

{¶6}   Appellant filed a timely notice of appeal on March 24, 2021.  He now raises three assignments of error.  We will address appellant's assignments of error out of order for ease of discussion.

{¶7}   Appellant's second assignment of error states:

THE TRIAL COURT ERRED BY ACCEPTING APPELLANT'S GUILTY PLEA WHEN IT WAS NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY MADE.

{¶8}   Appellant argues that he did not knowingly, intelligently, or voluntarily plead guilty to possession of heroin because the trial court made a blanket assertion that he would retain the right to appeal. He claims this was misleading because he would not retain the ability to appeal the court's judgment on the motion to suppress.

{¶9}   Crim.R. 11(C) states that a trial court must make certain advisements prior to accepting a defendant's guilty plea to ensure that the plea is entered into knowingly, intelligently, and voluntarily.  *State v. Wright*, 7th Dist. Mahoning No. 09 MA 1, 2009-Ohio-4636, ¶ 13. These advisements are typically divided into constitutional rights and non-constitutional rights.  *Id.*

{¶10}   The constitutional rights are:  (1) a jury trial; (2) confrontation of witnesses against the defendant; (3) compulsory process to obtain witnesses in the defendant's favor; (4) that the state must prove the defendant's guilt beyond a reasonable doubt at trial; and (5) that the defendant cannot be compelled to testify against himself.  *Id.*, citing Crim.R. 11(C)(2)(c).  If the trial court fails to strictly comply with these requirements, the defendant's plea is invalid.  *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 31.

{¶11}   The non-constitutional rights that the defendant must be informed of are: (1) the nature of the charges; (2) the maximum penalty involved, which includes, if applicable, an advisement on post-release control; (3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions; and (4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment and sentencing.  Crim.R. 11(C)(2)(a)(b); *Veney* at ¶ 10-13; *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 423 N.E.2d 1224, ¶ 19-26.

**{¶12}** For the non-constitutional rights, the trial court must substantially comply with Crim.R. 11 mandates. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Veney* at ¶ 15. Furthermore, a defendant who challenges his guilty plea on the basis that the advisement for the non-constitutional rights did not substantially comply with Crim.R. 11(C)(2)(a)(b) must also show a prejudicial effect, meaning the plea would not have been otherwise entered. *Veney* at ¶ 15.

**{¶13}** Regarding appellant's constitutional advisements, during the plea colloquy the trial court informed appellant of his right to either a bench or jury trial, his right to have the state prove him guilty beyond a reasonable doubt, his right to confront the witnesses against him, his right to subpoena witnesses to testify in his defense, and his right against self-incrimination. (Plea Tr. 13-15). Appellant acknowledged each of these rights and stated that he waived them. (Plea Tr. 13-15). Thus, the trial court strictly complied with Crim.R. 11(C)(2) regarding appellant's constitutional rights.

**{¶14}** Regarding appellant's non-constitutional advisements, the trial court informed appellant of the nature of the charge he faced. (Plea Tr. 5). It advised appellant of the maximum penalty he faced including the fact that a prison sentence was mandatory, he was not eligible for community control, and a post-release control advisement. (Plea Tr. 5-7, 11-12). And while the court did not directly state that it could proceed directly to sentencing it informed appellant that it would be scheduling his sentencing hearing for a later date, which it did. (Plea Tr. 10). Thus, the trial court substantially complied with Crim.R. 11(C)(2) regarding appellant's non-constitutional rights.

**{¶15}** Appellant complains that the trial court did not inform him that by pleading guilty he was giving up his right to appeal the court's ruling denying his motion to suppress.

**{¶16}** After advising appellant of the constitutional and non-constitutional rights he was waiving by pleading guilty, the trial court informed appellant that he had the right to appeal the court's decision and that he had the right to appointed counsel on appeal. (Plea Tr. 15). The court did not specifically inform appellant that while he could appeal

his plea and sentence, he could not appeal the court's earlier denial of his motion to suppress

**{¶17}** "[T]he failure to inform a defendant that a guilty plea waives certain rights on appeal is not one of the specifically enumerated rights the trial court is required to discuss during the Crim.R. 11 colloquy." *State v. Reynolds*, 12th Dist. Madison No. CA2018-02-005, 2018-Ohio-4942, ¶ 12. Prior to accepting a guilty plea, a trial court need not inform a defendant that he is waiving the right to appeal the overruling of a motion to suppress. *State v. Jones*, 1st Dist. Hamilton No. C-050833, 2006-Ohio-4284, ¶ 8.

**{¶18}** The trial court here strictly complied with Crim.R. 11(C) when addressing appellant's constitutional rights and substantially complied with Crim.R. 11(C) when addressing appellant's non-constitutional rights. It did everything required by the Rule to ensure that appellant entered his plea knowingly, voluntarily, and intelligently. While the court told appellant he had the right to appeal, it did not break down this right to explain that appellant could appeal his plea and sentence but could not appeal the ruling on the motion to suppress. But the court was not required to discuss with appellant what he would and would not be able to appeal based on his plea of guilty.

**{¶19}** Accordingly, appellant's second assignment of error is without merit and is overruled.

**{¶20}** Appellant's first assignment of error states:

THE TRIAL COURT ERRED BY OVERRULLING APPELLANT'S MOTION TO SUPPRESS.

**{¶21}** Appellant argues there was no evidence to establish a connection between his drug activity and his home. Therefore, he argues the trial court should have granted his motion to suppress.

**{¶22}** A guilty plea waives any right to appeal a ruling on a motion to suppress or any other trial court error, except for errors in the plea itself. *State v. Truax*, 7th Dist. Belmont No. 06 BE 66, 2007-Ohio-4993, ¶ 8, citing *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991), paragraph two of the syllabus. Therefore, when appellant entered his guilty plea, he waived his right to appeal the court's ruling on his motion to suppress.

**{¶23}** And even if we were to reach the merits of appellant's argument here, the result would be the same.

**{¶24}** Our standard of review with respect to a motion to suppress is first limited to determining whether the trial court's findings are supported by competent, credible evidence. *State v. Winand*, 116 Ohio App.3d 286, 288, 688 N.E.2d 9 (7th Dist.1996), citing *Tallmadge v. McCoy*, 96 Ohio App.3d 604, 608, 645 N.E.2d 802 (9th Dist.1994). Such a standard of review is appropriate as, "[i]n a hearing on a motion to suppress evidence, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate the credibility of witnesses." *State v. Venham*, 96 Ohio App.3d 649, 653, 645 N.E.2d 831 (4th Dist.1994). An appellate court accepts the trial court's factual findings and relies upon the trial court's ability to assess the witness's credibility, but independently determines, without deference to the trial court, whether the trial court applied the appropriate legal standard. *State v. Rice*, 129 Ohio App.3d 91, 94, 717 N.E.2d 351 (7th Dist.1998). A trial court's decision on a motion to suppress will not be disturbed when it is supported by substantial credible evidence. *Id.*

**{¶25}** The trial court found that Corp. Schwarck's affidavit in support of the search warrant disclosed that appellant, who was a convicted felon, displayed a firearm and large amounts of cash, stated he was selling crack, and identified his address.

**{¶26}** The Ohio Supreme Court has held:

> In reviewing the sufficiency of probable cause in an affidavit submitted in support of a search warrant issued by a magistrate, neither a trial court nor an appellate court should substitute its judgment for that of the magistrate by conducting a de novo determination as to whether the affidavit contains sufficient probable cause upon which that court would issue the search warrant. Rather, the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed. In conducting any after-the-fact scrutiny of an affidavit submitted in support of a search warrant, trial and appellate courts should accord great deference to the magistrate's

determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant.

*State v. George*, 45 Ohio St.3d 325, 544 N.E.2d 640 (1989), paragraph two of the syllabus. Given the standard, in this case we must simply determine whether we can say the corporal's affidavit provided a substantial basis for the issuing magistrate's conclusion that there was a fair probability drugs, cash, and firearms would be found in appellant's residence. *Id.* at 330. Search warrants and their accompanying affidavits enjoy a presumption of validity. *State v. Wallace*, 7th Dist. Mahoning Nos. 11 MA 137-11 MA 155, 2012-Ohio-6270, ¶ 27.

**{¶27}** The evidence at the hearing on appellant's motion to suppress supports the trial court's findings. Corp. Schwarck testified that he was investigating appellant after listening to video calls between appellant and an inmate in the county jail. (Suppression Tr. 8-9). He explained that these video calls were very much like Zoom calls that inmates were able to make. (Suppression Tr. 7-8). Corp. Schwarck was able to watch and monitor these calls. He testified that he witnessed appellant pull out a gun on a video call as well as tell the inmate that he was selling crack. (Suppression Tr. 9-10). And appellant displayed large amounts of cash. (Suppression Tr. 28). Appellant also told the inmate his address so the inmate could send him letters that they had discussed. (Suppression Tr. 10). The address was familiar to Corp. Schwarck because his office had executed a search warrant there in the past for drug activity. (Suppression Tr. 10). All of these details were included in the affidavit that the corporal provided in order to obtain the search warrant.

**{¶28}** Here Corp. Schwarck witnessed appellant hold a gun on the video call; heard appellant say he was selling crack; and heard appellant give his address, which was an address that had a history of drug activity. This evidence created sufficient probable cause for the search warrant.

**{¶29}** In sum, appellant waived review of the court's judgment overruling his motion to suppress. But even if we were to consider the merits of appellant's argument, the result would be the same.

Case No. 21 BE 0013

**{¶30}** Accordingly, appellant's first assignment of error is without merit and is overruled.

**{¶31}** Appellant's third assignment of error states:

APPELLANT'S COUNSEL WAS INEFFECTIVE.

**{¶32}** Appellant argues that his counsel was ineffective for failing to inform him that he was waving his right to appeal pretrial motions when he entered a guilty plea.

**{¶33}** To prove an allegation of ineffective assistance of counsel, the appellant must satisfy a two-prong test. First, appellant must establish that counsel's performance has fallen below an objective standard of reasonable representation. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph two of the syllabus. Second, appellant must demonstrate that he was prejudiced by counsel's performance. *Id.* To show that he has been prejudiced by counsel's deficient performance, appellant must prove that, but for counsel's errors, the result of the trial would have been different. *Bradley*, at paragraph three of the syllabus.

**{¶34}** Appellant bears the burden of proof on the issue of counsel's ineffectiveness. *State v. Calhoun*, 86 Ohio St.3d 279, 289, 714 N.E.2d 905 (1999). In Ohio, a licensed attorney is presumed competent. *Id.*

**{¶35}** Appellant can point to no evidence in the record to establish that his counsel failed to inform him that he was waiving his right to appeal the trial court's judgment on his motion to suppress by pleading guilty. Moreover, appellant cannot establish the requisite prejudice because, as discussed above, the trial court properly overruled his motion to suppress. So even if appellant could have properly raised this issue, it is without merit. Therefore, appellant cannot meet the burden required to demonstrate that his counsel was ineffective.

**{¶36}** Accordingly, appellant's third assignment of error is without merit and is overruled.

**{¶37}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Robb, J., concurs.

D'Apolito, J., concurs.

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**