[Cite as *State v. Shipp*, 2026-Ohio-416.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

CORTEZ SHIPP,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 25 BE 0037

---

Criminal Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 25 CR 62

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. J. Kevin Flanagan*, Belmont County Prosecutor, and *Atty. Jacob A. Manning*, Assistant Prosecuting Attorney, for Plaintiff-Appellee and

*Atty. Wesley A. Johnston*, for Defendant-Appellant.

Dated: February 10, 2026

**HANNI, J.**

{¶1} Defendant-Appellant, Cortez Shipp, appeals from a Belmont County Common Pleas Court judgment convicting him of aggravated trafficking in drugs, following his guilty plea. Appellant now contends he did not enter his plea knowingly, voluntarily, and intelligently and that his counsel was ineffective in advising him prior to his plea. Because we find Appellant entered his guilty plea knowingly, voluntarily, and intelligently and there is no indication that his counsel was ineffective, the trial court's judgment is affirmed.

{¶2} Due to the guilty plea in this case, the facts surrounding the offense are scant. The Bill of Particulars asserted that on March 1, 2025, Appellant possessed and was trafficking in methamphetamine, cocaine, and a fentanyl-related compound in Saint Clairsville, Ohio.

{¶3} On April 3, 2025, a Belmont County Grand Jury indicted Appellant on Count 1 aggravated trafficking in drugs (methamphetamine), a first-degree felony in violation of R.C. 2925.03(A)(2)(C)(1)(E); Count 2 aggravated possession of drugs, a first-degree felony in violation of R.C. 2925.11(A)(C)(1)(D); Count 3 trafficking in cocaine, a first-degree felony in violation of R.C. 2925.03(A)(2)(C)(4)(F); Count 4 possession of cocaine, a first-degree felony in violation of R.C. 2925.11(A)(C)(4)(E); Count 5 trafficking in a fentanyl-related compound, a first-degree felony in violation of R.C. 2925.03(A)(2)(C)(9)(F); and Count 6 possession of a fentanyl-related compound, a first-degree felony in violation of R.C. 2925.11(A)(C)(11)(E).

{¶4} Appellant initially entered a not guilty plea. But he subsequently entered into plea negotiations with Plaintiff-Appellee, the State of Ohio. The parties reached a plea agreement whereby Appellant agreed to plead guilty to Count 1 aggravated trafficking in drugs (methamphetamine). In exchange, the State agreed the remaining five counts would be merged and dismissed. The parties also agreed to jointly recommend a prison sentence to the trial court of 10 years (minimum) to 15 years (maximum).

{¶5} The trial court held a change of plea hearing on June 30, 2025. The court engaged in a plea colloquy with Appellant. It then accepted his guilty plea and proceeded

to sentencing. The court imposed the jointly-recommended prison sentence of 10 years (minimum) to 15 years (maximum).

**{¶6}** Appellant filed a timely notice of appeal on August 1, 2025. He now raises two assignments of error for our review.

**{¶7}** Appellant's first assignment of error states:

THE TRIAL COURT ERRED TO THE PREJUDICE OF SHIPP BY ACCEPTING A PLEA OF GUILTY THAT WAS NOT MADE KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY.

**{¶8}** Appellant contends he did not enter his plea knowingly, voluntarily, and intelligently. Specifically, he asserts his decision to plead guilty "was done in a vacuum, was based on and the product of lack of information, defendant never reviewed discovery, never reviewed the videos in the case, never reviewed the statements, never seen [sic] the BCI test results, lack of clear instruction of what was going to happen by counsel and why." (Appellant's brief, p. 7). He also claims he was pressured by counsel. Appellant makes no other arguments nor does he provide support for any of these claims.

**{¶9}** When determining the validity of a plea, this court must consider all of the relevant circumstances surrounding it. *State v. Trubee*, 2005-Ohio-552, ¶ 8 (3d Dist.), citing *Brady v. United States*, 397 U.S. 742 (1970). Pursuant to Crim.R. 11(C)(2), the trial court must follow a certain procedure for accepting guilty pleas in felony cases. Before the court can accept a guilty plea to a felony charge, it must conduct a colloquy with the defendant to determine that he understands the plea he is entering and the rights he is voluntarily waiving. Crim.R. 11(C)(2). If the plea is not knowing, intelligent, and voluntary, it has been obtained in violation of due process and is void. *State v. Martinez*, 2004-Ohio-6806, ¶ 11 (7th Dist.), citing *Boykin v. Alabama*, 395 U.S. 238, 243 (1969).

**{¶10}** A trial court must strictly comply with Crim.R. 11(C)(2) pertaining to the waiver of federal constitutional rights. *Martinez* at ¶ 12. These rights include the right against self-incrimination, the right to a jury trial, the right to confront one's accusers, the right to compel witnesses to testify by compulsory process, and the right to proof of guilt beyond a reasonable doubt. Crim.R. 11(C)(2)(c).

**{¶11}** The trial court strictly complied with Crim.R. 11(C)(2) in this case by advising Appellant of each of the constitutional rights he was waiving by entering a guilty plea.

Specifically, the court advised Appellant that he was waiving: his right to a jury trial (Tr. 12); his right to have the State prove him guilty beyond a reasonable doubt (Tr. 12); his right to confront the witnesses against him (Tr. 12-13); his right to compel witnesses to testify on his behalf (Tr. 12-13); and his right against self-incrimination (Tr. 13). After advising Appellant of each of these rights that he was waiving, the court asked Appellant if he understood that he was waiving the rights and Appellant answered in the affirmative. (Tr. 12-13).

**{¶12}** A trial court need only substantially comply with Crim.R. 11(C)(2) pertaining to non-constitutional rights such as informing the defendant of "the nature of the charges with an understanding of the law in relation to the facts, the maximum penalty, and that after entering a guilty plea or a no contest plea, the court may proceed to judgment and sentence." *Martinez* at ¶ 12, citing Crim.R. 11(C)(2)(a)(b).

**{¶13}** Here, the trial court substantially complied with Crim.R. 11(C)(2) by advising Appellant of his non-constitutional rights as well. The court explained the nature of the charges to Appellant and asked if he understood that by pleading guilty he was admitting to each element of the offense. (Tr. 6). Additionally, the court informed Appellant of the maximum sentence he faced. (Tr. 3-5). And it told Appellant that because the parties had agreed to the sentence, the court would be proceeding immediately to sentencing. (Tr. 6-7).

**{¶14}** Thus, in terms of Crim.R. 11(C)(2), Appellant entered his plea knowingly, voluntarily, and intelligently.

**{¶15}** In addition to complying with Crim.R. 11(C)(2)'s requirements, the trial court had additional discussions with Appellant regarding the voluntariness of his plea and his satisfaction with his counsel:

> THE COURT: Are you entering your guilty plea just to this one charge voluntarily?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Other than what's been talked about, about an agreed sentence, has anybody promised you anything, threatened you, coerced you in any way to make you do any of this, other than of your own free will?

THE DEFENDANT:  No.

THE COURT:  All right.  I've already told you about there won't be a later hearing; the sentence will occur today, so I won't go further into detail about that.

*Has your attorney explained everything to you, gone over all the possible evidence with you, answered all of your questions?*

THE DEFENDANT:  Yes.

THE COURT: Are you satisfied with his advice and his competence?

THE DEFENDANT:  Yes.

(Emphasis added; Tr. 8-9).

{¶16}  And then later in the plea colloquy, after discussing all of Appellant's rights, the court asked Appellant if he had any questions:

THE COURT:  Do you have any questions for me yet?

THE DEFENDANT:  No sir.

THE COURT:  Have you had a chance, then, to read and review with input or discussion from your attorney the contents of that Plea of Guilty Petition?

THE DEFENDANT:  Yes.

THE COURT:  Any questions for me or him about those findings?

THE DEFENDANT:  No.

(Tr. 14).

{¶17}  Additionally, Appellant signed the change of plea form, which indicated that he was "satisfied with my attorney's advice and competence."  (7/2/25 Plea of Guilty Petition).

{¶18}  Appellant now complains that his counsel never reviewed discovery with him including videos, statements, and BCI test results.  But his answers to the court's questions on this matter directly contradict his argument on appeal.  The court specifically

Case No. 25 BE 0037

asked Appellant if his attorney had gone over all of the evidence with him to which Appellant responded "yes." (Tr. 8-9). Moreover, he gives no indication whatsoever as to what these items may have revealed or how they would have influenced his decision to plead guilty.

**{¶19}** In sum, the trial court complied with Crim.R. 11(C)(2) in accepting Appellant's guilty plea. Furthermore, Appellant can point to nothing in the record suggesting that his plea was anything other than knowingly, voluntarily, and intelligently entered.

**{¶20}** Accordingly, Appellant's first assignment of error is without merit and is overruled.

**{¶21}** Appellant's second assignment of error states:

SHIPP WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY SECTION 10, ARTICLE I, OF THE OHIO CONSTITUTION AND SIXTH AND FOURTEENTH AMENDMENT[S] OF [THE] UNITED STATES CONSTITUTION.

**{¶22}** Appellant argues his counsel was ineffective. The only specific reference he gives in support of this assignment of error is to refer once again to his argument that he did not review discovery before entering his plea and he blames his counsel for this. That is the extent of his argument.

**{¶23}** A guilty plea waives any right to appeal any trial court error, except for errors in the plea itself. *State v. Truax*, 2007-Ohio-4993, ¶ 8 (7th Dist.), citing *State v. Kelley*, 57 Ohio St.3d 127 (1991), paragraph two of the syllabus. "This includes the right to claim that the accused was prejudiced by constitutionally ineffective counsel, 'except to the extent the defects complained of caused the plea to be less than knowing and voluntary.'" *State v. Snyder*, 2004-Ohio-3366, ¶ 13 (7th Dist.), quoting *State v. Barnett*, 73 Ohio App.3d 244, 249 (2d Dist. 1991). Thus, we may only take a limited review here as to whether the defects Appellant complains of caused him to enter his plea less than knowingly and voluntarily.

**{¶24}** To prove an allegation of ineffective assistance of counsel, the appellant must satisfy a two-prong test. First, the appellant must establish that counsel's performance has fallen below an objective standard of reasonable representation.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. Second, the appellant must demonstrate that he was prejudiced by counsel's performance. *Id*. To show that he has been prejudiced by counsel's deficient performance, the appellant must prove that, but for counsel's errors, the result of the trial would have been different. *Bradley*, at paragraph three of the syllabus.

{¶25} The appellant bears the burden of proof on the issue of counsel's ineffectiveness. *State v. Calhoun*, 86 Ohio St.3d 279, 289 (1999). In Ohio, a licensed attorney is presumed competent. *Id*.

{¶26} Once again, Appellant's only argument is that his attorney did not review discovery with him and that he entered his plea "in a vacuum." But as set out above, Appellant's statement to the court at the change of plea hearing directly contradicts his contention on appeal. Before accepting Appellant's plea, the trial court specifically asked Appellant if his attorney had reviewed the evidence with him. And Appellant confirmed that his attorney had in fact reviewed the evidence with him. He cannot now simply make a statement to the contrary as the basis to find his counsel was ineffective.

{¶27} Moreover, Appellant cannot demonstrate prejudice. Appellant was facing six first-degree felony counts. His counsel negotiated a plea deal with the State that dismissed five of the six felony counts. Appellant can point to nothing in the record to demonstrate that if he had reviewed certain items in discovery he would not have entered a guilty plea under these terms.

{¶28} Accordingly, Appellant's second assignment of error is without merit and is overruled.

{¶29} For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, P.J., concurs.

Robb, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed. Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**